IN THE SUPREME COURT OF THE STATE OF DELAWARE

SEBASTIAN CARNEY,           §
                            § No. 581, 2014
    Defendant-Below,        §
    Appellant,              §
                            § Court Below:  Superior Court
    v.                      § of the State of Delaware,
                            § in and for Sussex County
STATE OF DELAWARE,          § Cr. ID Nos. 1008015411,
                            § 1102006677, 1105007856,
    Plaintiff-Below,        § and 1209003022
    Appellee.               §

Submitted:  November 12, 2014
Decided:    December 15, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 15th day of December 2014, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The defendant-appellant, Sebastian Carney, filed this appeal from the Superior Court's order sentencing him for violating probation.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Carney's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that Carney pled guilty in March 2011 to one count of Theft.  He was sentenced to one year at Level V suspended entirely for probation.  In October 2011, Carney pled guilty to another count of Theft for

which he was sentenced to one year at Level V suspended entirely for probation. He also pled guilty to a separate charge of Burglary in the Third Degree for which he was sentenced to three years at Level V (with credit for 130 days served) to be suspended after serving six months in prison for decreasing levels of supervision. In September 2012, Carney pled guilty to Possession of Heroin for which he was sentenced to one year at Level V suspended entirely for probation. For every new criminal conviction, Carney also was found in violation of his probation with respect to his earlier convictions and sentenced accordingly. The record reflects that, since March 2011, Carney has pled guilty to four criminal charges for which he was sentenced to a total period of six years at Level V incarceration. Most of that Level V time was suspended for probation. As of November 2013, Carney had four years and six months of Level V time remaining to be served on his sentences.

(3)     In July 2014, Carney was charged with a VOP for failure to report and for failing to comply with the special conditions of his probationary sentences. The Superior Court found Carney in violation and sentenced him on September 16, 2014 to a total period of four years and one month at Level V incarceration to be suspended after serving one year and one month in prison for decreasing levels of supervision. This appeal followed.

(4)     In his opening brief on appeal, Carney asserts that the Superior Court imposed an excessive sentence under the circumstances and failed to credit him with time served.  He also contends that the TASC counselor who appeared at the VOP hearing lied under oath.  Carney, however, does not challenge the Superior Court's finding that he violated the terms of his probation by failing to report and by failing to comply with his special conditions.

(5)     Upon finding a defendant in violation of probation, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[1]  In this case, contrary to Carney's contention, the record reflects that Carney had a balance of four years and six months remaining to be served on his original sentences.  Upon finding Carney in violation of probation, the Superior Court sentenced him to a total period of four years and one month at Level V incarceration, but suspended his sentence after only one year and one month in prison.  This sentence was within statutory limits, was not excessive given his repeated failures to bring himself into compliance with the law generally and with the conditions of his probation (notwithstanding the probation officer's recommendation for a lesser sentence), and does not reflect a closed mind by the sentencing judge.[2]  Indeed, the

---

[1] 11 *Del. C*. § 4334(c) (2007).

[2] *See Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

record reveals that the Superior Court was reasoned in dealing with Carney, and issued the sentence it did only after he failed to take advantage of several earlier instances of leniency. Under the circumstances, we conclude that the Superior Court did not err or abuse its discretion in rejecting the probation officer's recommendation or in exceeding the sentencing guidelines for Carney's fourth VOP in three years.[3]

(6) Moreover, to the extent that Carney challenges the TASC counselor's testimony, this Court is unable to review that claim because Carney failed to order and provide this Court with a copy of the transcript of the VOP hearing and sentencing. As we have held many times, the failure to include adequate transcripts of the proceedings, as required by the rules of the Court, precludes appellate review of a defendant's claims of error in the proceedings below.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *See Wynn v. State*, 23 A.3d 145, 148-49 (Del. 2011).

[4] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).